# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

LACHAUNTI WILLIAMS,

    Petitioner,

v.                                  Case No. 5:23-cv-00224

WARDEN W. HOLZAPFEL,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On March 23, 2023, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") seeking modification of his consecutive sentences imposed after revocation of his term of supervised release by making them concurrent sentences, as well as an additional 17 months of sentencing credit for time he spent on supervised release.[1] (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

Petitioner was named in a sixteen-count eleventh superseding indictment filed on November 13, 2013, in the United States District Court for the Middle District of

---

[1] Petitioner repeatedly uses the term "probation" but the undersigned believes that he means "supervised release" as no term of probation was imposed in his case.

Tennessee. *United States v. Williams*, No. 3:09-cr-00240-20, ECF No. 2468. He pled guilty to counts two and three of the indictment and was found guilty by a jury of counts eight, eighteen, nineteen, twenty, and twenty-one on April 23, 2014. *Id.*, ECF No. 2621. After his conviction, but before sentencing, Petitioner filed a motion under 28 U.S.C. § 2255 which was granted, resulting in the vacatur of his conviction on count 2. *Id.*, ECF No. 3313. On December 9, 2019, Petitioner was sentenced on the remaining counts of conviction and received a sentence of time served, followed by three years of supervised release on each count, all to run concurrently. *Id.*, ECF Nos. 3331 & 3336.

Thereafter, the United States Probation Office for the Middle District of Tennessee filed memoranda of non-compliance with Petitioner's terms of supervised release. *Id.*, ECF Nos. 3348, 3349, 3464, & 3477. On August 8, 2021, Petitioner was arrested pursuant to a Court-issued warrant. *Id.*, ECF No. 3471. On April 26, 2022, Petitioner admitted to three violations of his terms of supervised release, as set forth in the memorandum in ECF No. 3477. His supervised release was revoked, and he was sentenced to serve a 24-month term of imprisonment on violation number one, a 12-month term of imprisonment on violation number three, and a 12-month term of imprisonment on violation number four, all to run <u>consecutively</u>, with no supervision to follow. *Id.*, ECF No. 3523 & 3524. Since being sentenced on April 26, 2022, no new factual issues or changes in law have been asserted.

Petitioner then filed the instant § 2241 petition in this court on March 23, 2023. (ECF No. 1). However, he also filed a § 2255 motion in his court of conviction, in which he makes a similar challenge to his sentence and request for relief. *Lachaunti v. United*

2

*States*, No. 3:23-cv-00309, ECF No. 1 (M.D. Tenn, Apr. 7, 2023). The § 2255 motion is pending in the Tennessee federal court.

On August 7, 2023, Respondent filed a Response to the § 2241 petition (ECF No. 7), asserting that Petitioner's claim is appropriately addressed, if at all, in his pending § 2255 motion and, thus, this § 2241 petition should be dismissed. Petitioner did not file a reply brief. On November 7, 2023, the undersigned granted Respondent's motion for leave to file supplemental authority. (ECF Nos. 8 & 9). Petitioner was subsequently released from BOP custody as of January 6, 2025. *See* www.bop.gov/inmateloc/. Thus, it further appears that his request for relief herein is now moot.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, it appears that Petitioner has discharged his revocation sentences and has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief for

3

concurrent sentences and additional sentencing credit. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is moot due to his release from BOP custody without collateral consequences and he no longer has a cognizable interest in the outcome of these proceedings.[2]

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

---

[2] Due to the apparent mootness of Petitioner's claim for relief, the undersigned finds it unnecessary to address Respondent's supplemental argument concerning the applicability of the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023) herein.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

September 16, 2025

Dwane L. Tinsley
United States Magistrate Judge